Edward J. Maney, Trustee
P. O. Box 10434
Phoenix, AZ 85064
Telephone (602) 277-3776
Fax No. (602) 277-4103
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>TRENT TRIPP<br> xxx-xx-0135<br><br><br><br><br><br>_____Debtor(s)_____ | CHAPTER 13 BANKRUPTCY<br><br>CASE NO. 2-09-bk-05772<br><br>TRUSTEE'S EVALUATION AND RECOMMENDATION(S) REPORT WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED<br><br>RE: CHAPTER 13 AMENDED PLAN |

Edward J. Maney, Trustee, has analyzed the Debtor's Chapter 13 Amended Plan and supporting documents and submits the following evaluation and recommendation(s):

GENERAL REQUIREMENTS:

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b <u>Requests by the Trustee for documents and information are not superseded by the filing of an amended Plan or motion for moratorium.</u>

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an Amended or Modified Plan is filed and noticed out.

d The Trustee requires that any proposed Order Confirming Plan state, "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments, suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders".

Trustee's Recommendation
Case #09-05772
Page 2. . . . . . .

f.  The Debtor(s) is required to provide directly to the Trustee, **within 30 days after the returns are filed,** copies of the federal and state income tax returns for every year during the duration of the Plan. This requirement is to be included in the Stipulated Order Confirming the Plan.

g.  At the time of confirmation, the Trustee will require the Debtor(s) to certify that Debtor(s) are current on all required tax filings and any domestic support orders.

h.  If Debtor(s) Plan proposes to discharge taxes not paid by the Plan, the Trustee objects to this provision. The proper procedure to determine dischargeability is through an adversary proceeding, pursuant to F.R.B.P. Rule 7001. Any proposed Order Confirming the Plan submitted by the Debtor(s) **must** specifically amend or remove this language to comply with the Bankruptcy Code and Rules.

RECOMMENDATION REQUIREMENTS:

1.  Interim Plan payments are current with payment of $596.16 due 6/26/08.

    Debtor is over-median income and must make plan payments for 60 months or until all claims are paid in full. The Plan payments need to be extended to 60 months. The Debtor must also submit all excess income for the duration of the Plan.

2.  The Trustee requires copies of all monthly bank and/or credit union statements for all checking and/or savings accounts Debtors maintained on petition date.

3.  The Arizona Department of Revenue's Proof of Claim indicates Debtor has not filed personal income tax returns for 2005 and 2008. **The Trustee requires Debtor to immediately prepare and file all unfiled tax returns. <u>Failure to file said returns or the required Affidavit within 30 days from the date of this Trustee's Recommendation and provide a stamped copy of said returns may result in the Trustee lodging an Order automatically dismissing Debtor's case.</u>**

4.  The Trustee requires Debtor to provide documented verification of the following expenses: Recreation/Cable/Internet ($256.00), Medical ($350.00), Education ($65.00), Professional Monitoring ($590.00), Charitable Contributions ($75.00). The Trustee requires documented evidence for the past 12 months to justify these expenditures and <u>Debtors to provide justification.</u> Where the documentation fails to support the scheduled expense, the Trustee will require an Amended Schedule J. Any increase in disposable income must be turned over to the Plan.

    *Any documentation provided must be organized by category, month and legible.. Debtors are also obligated to justify the reason the Debtors can not sustain their living environment within*

-2-

*the Trustee's guideline. If the Debtors fail to follow this guideline, the Trustee will not consider any information as being received and a Dismissal Order may be lodged for failure to comply.*

The Trustee notes that the professional monitoring terminated 12/2009. Plan payments are to increased.

5. The Trustee notes significant payroll contributions towards a 401(k). Debtor is able to submit mandatory funds to the 401(k0. However, it appears that a significant amount of additional funds are being submitted. The Trustee requires documentation to verify that all funds are mandatory.

   The Trustee also requires documentation to verify the purpose of the MSA payroll deduction.

6. The Trustee requires copies of Debtors' two most recent consecutive paycheck stubs from each employer for each employed Debtor for verification of income and deductions..

7. Upon review of the 22C, the Trustee notes the following discrepancies.

   Debtor earned $5,623.00 per month last year. Schedule I shows his monthly income is $6,233.50. The 22C gross income is $3,645.00. The Trustee requires clarification regarding this significant discrepancy and documentation to verify the 22C gross income.

   The Trustee objects to item #28. Debtor can not deduct ownership expenses on free and clear vehicles.

8. Amended Plan increased the Plan payments. Debtor has moved. The Trustee requires an amended Schedule I and J, along with two current consecutive pay stubs from each employer, to verify Debtors' ability to fund the plan payments.

   If the Debtor(s) have any questions or concerns regarding this Recommendation, they should contact their attorney. If Debtor(s) are not represented by counsel, they may contact the Case Administrator at extension 210.

The Trustee objects to the confirmation of this Plan under present condition(s). **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to remain current in Plan payments, resolve above item(s) #2 through 8 and submit Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of this Trustee's Recommendation. The Trustee reserves the right to file a Supplemental Recommendation.**

Date See Electronic Signature Block

                                        Edward J. Maney, Trustee

1 | Copies of the foregoing
2 | mailed on this date See Electronic Signature Block to:
3 |
4 | Joseph Charles
  | P. O. Box 1737
  | Glendale, AZ   85311
5 |
6 | Trent Tripp
  | 888 E. Clinton St., #1078
  | Phoenix, AZ   85020

_____